UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SOMPHETH T.,[1]

Petitioner,

v.

WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-01061-TLN-EFB

A# 028-102-493

**ORDER**

This matter is before the Court on pro se Petitioner Sompheth T.'s ("Petitioner") Petition for Writ of Habeas Corpus ("the Petition").[2] (ECF No. 1.) Respondents filed a response. (ECF No. 9.) For the reasons set forth below, the Petition is GRANTED.

///

///

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2] The Court liberally construes pro se filings. *See Erickson v. Pardus*, 551 U.S. 89 (2007).

## I. Factual and Procedural Background

This matter arises out of Petitioner's challenge to his civil immigration detention. Petitioner is a noncitizen who came to the United States as a refugee in 1989. (ECF No. 1 at 5; ECF No. 9 at 1.) He has lived in the United States for approximately 38 years. (ECF No. 1 at 5.) Over nearly four decades, Petitioner built a life in this country: he married, worked, and had two adult sons who served in the U.S. Army and Navy. (*Id.* at 5–6.)

On August 5, 1999, an immigration judge ordered Petitioner removed. (ECF No. 9 at 1.) However, U.S. Immigration and Customs Enforcement ("ICE") did not remove Petitioner from the country, rather ICE released Petitioner to live in the United States on an Order of Supervision. (*Id.* at 2.)

Twenty-six years later, on December 4, 2025, ICE re-detained Petitioner on an administrative "removal warrant."[3] (ECF No. 1 at 5; ECF No. 9-1 at 4.) On January 30, 2026, ICE obtained a travel document for Petitioner's removal. (ECF No. 9 at 2; ECF No. 9-2.)

On February 6, 2026, Petitioner filed the Petition challenging his civil immigration detention under the Fifth Amendment. (ECF No. 1.) The Court ordered Respondents to respond to Petitioner's request for immediate injunctive relief on two separate occasions. (ECF Nos. 3, 4.) Respondents did not file any response, thus, the Court construed the request for immediate injunctive relief as unopposed under Local Rule 230(c) and ordered Petitioner immediately released on the same terms as his prior Order of Supervision. (ECF No. 5.) The Court then ordered Respondents to show cause why the Petition should not be granted. (*Id.*) Respondents filed a motion to dismiss the Petition. (ECF No. 9.) The Court now addresses Respondents' motion and the Petition on the merits.

## II. Standard of Law

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004)

---

[3] On December 3, 2025, Defendant pleaded guilty to distribution of methamphetamine in violation of 21 U.S.C. 841(a)(1) and he was sentenced to time served. *See United States v. Sompheth T.,* 2:22-cr-00187 (D. Utah). The next day, Petitioner was transferred to immigration custody. (ECF No. 9 at 2.)

(citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. ANALYSIS

Petitioner claims his detention without a hearing violates the Fifth Amendment Due Process Clause. (ECF No. 1 at 16.) In opposition, Respondents argue the Petition is moot because Petitioner has received his requested relief and Petitioner's detention was lawful because he violated the terms of his Order of Supervision. (ECF No. 9 at 2–4.)

As an initial matter, the Petition is not moot. Respondents' assertion that Petitioner's release during the pendency of these proceedings moots the Petition misunderstands the nature of preliminary relief. This Court granted Petitioner's request for temporary relief pending final resolution on the merits of the Petition. Unless Respondents mean to concede that Petitioner's detention was unlawful, the Petition remains unresolved.

The Court next turns to Petitioner's Fifth Amendment claim. Respondents have authority to detain noncitizens with final orders of removal to effectuate deportation. *See* 8 U.S.C. § 1231; *Zadvydas*, 533 U.S. at 697. But when a noncitizen has been released from immigration detention, certain ICE regulations govern how and when the agency may revoke that release and re-detain the noncitizen. *See* 8 C.F.R. §§ 241.13(i), 241.4(l). These procedures protect important due process rights owed to noncitizens.[4] *See Nguyen v. Hyde*, 788 F. Supp. 3d 144, 152 (D. Mass.

---

[4] It is fundamental that "the Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693 (citing *Plyler v. Doe*, 457 U.S. 202, 210 (1982); *Mathews v. Diaz*, 426 U.S. 67, 77 (1976); *Kwong Hai Chew v. Colding*, 344 U.S. 590, 596–598 & n.5

2025) (noting that 8 C.F.R. § 241.13(i) was "promulgated to protect a fundamental right derived from the Constitution").

"ICE, like any agency, 'has the duty to follow its own federal regulations.'" *Rombot v. Souza*, 296 F. Supp. 3d 383, 388 (D. Mass. 2017) (quoting *Haoud v. Ashcroft*, 350 F.3d 201, 205 (1st Cir. 2003)); *see also United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954) (reversing dismissal of habeas petition where Board of Immigration Appeals failed to follow its own regulations). "Where an immigration 'regulation is promulgated to protect a fundamental right derived from the Constitution or a federal statute,' like the opportunity to be heard, 'and [ICE] fails to adhere to it, the challenged [action] is invalid." *Rombot*, 296 F. Supp. 3d at 388 (quoting *Waldron v. I.N.S.*, 17 F.3d 511, 518 (2d Cir. 1993)); *Hoac v. Becerra*, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771, at *4 (E.D. Cal. July 16, 2025) ("Because there is no indication that ICE Regulations were followed . . . [petitioner's] re-detainment was unlawful.").

Respondents argue Petitioner was lawfully re-detained under 8 C.F.R. § 241.4(l) because he violated the terms of his release and they are not required to provide a bond hearing. (ECF No. 9 at 3–4.) However, Respondents make no showing that they complied with the regulation under which they purport to have detained Petitioner. (*See* ECF No. 9.)

Under 8 C.F.R. § 241.4(l)(1), ICE must provide: (1) notice of the reasons for revocation of release, and (2) an initial informal interview promptly following re-detention, to afford the noncitizen an opportunity to respond to the reasons for revocation.

Respondents do not make any claim that they have provided Petitioner with sufficient notice, nor have they produced a Form I-220B (notice of revocation of release) or any other notice to Petitioner explaining the reasons for revocation of his release. Additionally, Respondents do not claim to have provided Petitioner an initial informal interview as required by regulation, nor any other form of hearing as to the reasons for revocation. While a formal bond hearing may not be required, ICE has a duty to follow their own regulations in revoking orders of supervision. *See* 8 C.F.R. §§ 241.13(i), 241.4(l); *Accardi*, 347 U.S. 260. ICE failed to do so here.

---

(1953); *Yick Wo v. Hopkins*, 118 U.S. 356, 369 (1886); *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953)).

Accordingly, ICE violated the Fifth Amendment in Petitioner's re-detention without notice or an informal interview as required by 8 C.F.R. § 241.4(l).

## IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.
2. Respondents' Motion to Dismiss (ECF No. 9) is DENIED.
3. Respondents are ENJOINED from re-detaining Petitioner absent a valid travel document to his country of removal and compliance with statutory and constitutional protections, including a minimum of seven-days' pre-deprivation notice and strict compliance with the requirements of 8 C.F.R. §§ 241.13(i), 241.4(l).
4. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

DATE: September 8, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE